**United States Bankruptcy Court**
**District of South Dakota**

Charles L. Nail, Jr.
Bankruptcy Judge



_____

Federal Building and United States Post Office          Telephone: (605) 224-0560
225 South Pierre Street, Room 211                                    Fax: (605) 224-9020
Pierre, South Dakota 57501-2463

October 2, 2006

Lee Ann Pierce, Esq.
Counsel for Plaintiff-Trustee
316 Fourth Street
Post Office Box 524
Brookings, South Dakota  57006

Douglas G. Lorenzen, Esq.
Counsel for Defendant-Debtor
Post Office Box 84435
Sioux Falls, South Dakota  57118

    Subject:     ***Trustee Lee Ann Pierce v. Rebecca K. Fuller (In re Fuller)***
                    Adversary No. 06-4064; Chapter 7, Bankr. No. 05-40690

Dear Counsel:

    The matter before the Court is Plaintiff-Trustee Lee Ann Pierce's Motion for Judgment on the Pleadings.  This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052.  As set forth below, the Motion will be denied.

    *Summary*.  Rebecca K. Fuller filed a chapter 7 petition in bankruptcy on May 13, 2005.  She received a discharge of debts on August 10, 2005.  On February 27, 2006, the case trustee, Lee Ann Pierce, filed a motion seeking an order requiring Debtor to turn over to the bankruptcy estate $2,200, representing the value of a television, computer, and washer and dryer valued at a total of $500 Debtor had failed to list on her schedules, and $1,700 in equity in a 1993 Buick automobile Debtor had not declared fully exempt.  The motion and a notice were served on Debtor and her bankruptcy attorney.  Debtor did not file a response, and the motion was granted by default by order entered March 14, 2006.  Debtor and her counsel were served with the order.

    Debtor did not pay $2,200 to Trustee Pierce.  Debtor did amend her schedule of exemptions on April 20, 2006.  On the amendment she stated,

Lee Ann Pierce, Esq.
Douglas G. Lorenzen, Esq.
October 2, 2006
Page 2

> Pursuant to the Chapter 7 Trustee's Motion for Turnover, Debtor hereby surrenders the money owed to Debtor in Schedule C as a "personal loan" on file herein to Panel Trustee Pierce in the amount of $2000.

No response to this amended schedule was filed.

On July 31, 2006, Trustee Pierce commenced the instant adversary proceeding against Debtor, seeking a revocation of Debtor's general discharge order because Debtor had failed to comply with the March 14, 2006 turnover order. Debtor responded (there was no formal answer) saying she had amended her schedule of exemptions to surrender an account receivable scheduled at $2,000 in partial satisfaction of the turnover order. Debtor also said she would pay the remaining $200 in monthly payments.

A pre-trial conference was held September 12, 2006. The Court advised counsel for Debtor that Debtor's surrender of the account receivable did not partially satisfy the turnover order because there had been no showing the receivable was actually worth $2,000. A trial was set.

On September 26, 2006, Trustee Pierce moved for judgment on the pleadings. In her motion, she stated Debtor had not disputed any of the material facts set forth in her complaint and she was thus entitled to a judgment for $2,200 from the turnover order and $250 as costs for the adversary proceeding filing fee.

Debtor responded to Trustee Pierce's motion on September 29, 2006. She restated what she had said in her earlier response and also stated she did not have the financial means to comply with the Court's turnover order.

*Discussion*. In evaluating Trustee Pierce's Motion for Judgment on the Pleadings, the Court must accept as true all factual allegations set forth by Debtor and draw all reasonable inferences from the facts in her favor. *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004). Trustee Pierce will be entitled to a judgment in her favor only if there are not material facts in dispute and she is entitled to a judgment as a matter of law. *Id*.

Section 727(d)(3) of the bankruptcy code, which incorporates § 727(a)6)(A), provides a debtor's discharge can be revoked if the debtor refuses to obey a lawful order of the bankruptcy court. It is an extraordinary remedy, *Miller v. Kasden (In re Kasden)*, 209 B.R. 239, 241 (B.A.P. 8th Cir. 1997), which a trustee or other party in

Lee Ann Pierce, Esq.
Douglas G. Lorenzen, Esq.
October 2, 2006
Page 3

interest may obtain by an appropriate showing by a preponderance of the evidence. *State of Missouri v. Foster (In re Foster)*, 335 B.R. 709, 714 (Bankr. W.D. Mo. 2006); *Sicherman v. Rivera (In re Rivera)*, 338 B.R. 318, 324 (Bankr. N.D. Ohio 2006). The statute is construed strictly against the party seeking revocation and liberally in the debtor's favor. *Kaler v. Olmstead (In re Olmstead)*, 220 B.R. 986, 993 (Bankr. D.N.D. 1998).

The party seeking revocation under § 727(d)(3) must do more than show the debtor merely failed to comply with an order.

> The term used in [§ 727(a)(6)(A)] is "refused" not "failed". Accordingly, the Court must find that the Debtors' lack of compliance with the relevant court order was willful and intentional. *LaBarge v. Ireland (In re Ireland)*, 325 B.R. 836, 838 (Bankr. E.D. Mo.2005); *Cummins v. Hays (In re Cummins)*, 166 B.R. 338, 358 (Bankr. W.D. Ark.1994); 3 NORTON BANKRUPTCY LAW AND PRACTICE 2D, § 74:16, p. 74-35 (1994). The party objecting to discharge satisfies this burden by demonstrating the debtor received the order in question and failed to comply with its terms. *Ireland*, 325 B.R. at 838; *Katz v. Araujo (In re Araujo)*, 292 B.R. 19, 24 (Bankr. D. Conn.2003). Such a showing then imposes upon the debtor an obligation to explain his non-compliance. *Associates Commercial Corp. v. Reavis (In re Reavis)*, 92 B.R. 380, 383 (Bankr. W.D. Mo.1988); *United States of America v. Richardson (In re Richardson)*, 85 B.R. 1008, 1011 (Bankr. W.D. Mo.1988); 6 COLLIER ON BANKRUPTCY, ¶ 727.09[1], p. 727-50 (15th ed. Rev.2003).

*Foster*, 335 B.R. at 716. The Court of Appeals for the Tenth Circuit reached a similar conclusion but held a refusal under § 727(a)(6)(A) may be shown if the debtor's failure to comply was either willful *or* intentional. *Martinez v. Los Alamos National Bank (In re Martinez)*, 126 Fed. Appx. 890, 896 (10th Cir. 2005). Some court have concluded a denial of discharge under §§ 727(a)(6)(A) and 727(d)(3) requires a finding similar to a civil contempt. *Yoppolo v. Walter (In re Walter)*, 265 B.R. 753, 758 (Bankr. N.D. Ohio 2001). In this Circuit, if the proponent for civil contempt makes the required initial showing, a debtor can avoid the civil contempt finding on a basis of an inability to comply with the order only if the debtor explains categorically and in detail why he has been unable to comply with the order, shows the inability to comply was not self-induced, and shows he made, in good faith, all reasonable efforts to comply with the order. *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 506 (8th Cir. 2000)(cites omitted).

Lee Ann Pierce, Esq.
Douglas G. Lorenzen, Esq.
October 2, 2006
Page 4


      The record clearly establishes Trustee Pierce's *prima facie* case for a revocation of Debtor's discharge under § 727(a)(6)(A). There is no dispute about the validity of the turnover order; there is no dispute Debtor received it; and there is no dispute Debtor did not comply with it. However, in her pleadings, Debtor has raised as a material issue her ability to comply with the order. Thus, the present record is not sufficient for the Court to determine whether Debtor's failure to comply with the March 14, 2006 turnover order was willful or intentional. Accordingly, a judgment for Trustee Pierce on the pleadings is not warranted. At trial, the burden will shift to Debtor to show her failure to comply with the turnover order was not willful or intentional. If Debtor claims she did not have the ability to comply with the order, she must demonstrate that inability categorically and in detail; she must show she did not create the circumstances resulting in her inability to comply with the order; and she must show she made, in good faith, all reasonable efforts to comply with the order.

      An order will be entered denying Trustee Pierce's Motion for Judgment on the Pleadings. The trial will be held as scheduled on October 5, 2006.

      Sincerely,

      Charles L. Nail, Jr.
      Bankruptcy Judge

CLN:sh

cc:  case file (correspondence)

---

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Linda M. LaFortune
Acting Clerk, U.S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Linda M. LaFortune
Acting Clerk, U.S. Bankruptcy Court
District of South Dakota

Douglas G. Lorenzen
PO Box 84435
Sioux Falls SD 57118

Douglas G. Lorenzen
475 221st Street
Jasper MN 56144